# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

DEXTER HARMON,                                                                                    PLAINTIFF
ADC #152483

v.                                            2:15CV00187-BRW-JTK

CORDAIEO JACKSON, et al.                                                                       DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I.   Introduction

Plaintiff Dexter Harmon is a state inmate incarcerated at the Maximum Security Unit of the Arkansas Department of Correction (ADC). He filed this pro se action pursuant to 42 U.S.C. § 1983, alleging failure to protect, deliberate indifference, and state law negligence claims after he was injured in a slip and fall incident at the East Arkansas Regional Unit (EARU). (Doc. No. 2.)[1] Plaintiff asks for monetary and injunctive relief. Defendant Jackson died on March 27, 2016 (Doc. No. 59-1), and was dismissed from this action on March 8, 2017 (Doc. No. 83).

Pending before the Court is Defendant McDaniel's Motion for Summary Judgment, Brief in Support and Statement of Facts (Doc. Nos. 84-86). Plaintiff filed Responses, a Brief, and Statement of Facts (Doc. Nos. 87-91).

## II.   Second Amended Complaint

On August 28, 2015, Defendants Jackson and McDaniel escorted Plaintiff, cuffed behind his back, to shower call at the EARU. On the way back to his cell after his shower, Plaintiff

---

[1] Plaintiff subsequently filed a second amended complaint on September 22, 2016 (Doc. No. 62).

slipped on standing water and a battery and fell, injuring his right knee and ankle. Plaintiff claims Defendants were aware of the standing water and trash on the floor, and failed to properly maintain physical control over Plaintiff as he walked back to his cell. After he fell, Defendants called for assistance and Plaintiff was taken to the Unit infirmary and treated for his injuries. Plaintiff claims he continues to suffer swelling and pain in his right knee, ankle, foot and leg, and that Defendants knew the unsafe conditions posed a risk of serious harm to him. Plaintiff asks for damages and for Defendants' termination from the ADC.

## III. Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

### A. Official Capacity

Initially, the Court agrees with Defendant that Plaintiff's monetary claims against him in

his official capacity should be dismissed, as barred by sovereign immunity. Will v. Michigan Dep't. of State Police, 491 U.S. 58, 65-66 (1989); Murphy v. State of Arkansas, 127 F.3d 750, 754 (8th Cir. 1997). In addition, his injunctive relief claim also should be dismissed as moot, because Defendant Jackson is deceased, Defendant McDaniel is no longer employed at the ADC, and Plaintiff is no longer incarcerated at the EARU. (Doc. No. 84-2) (See Smith v. Hundley, 190 F.3d 852, 855 (8th Cir. 1999), where the court held the plaintiff's claims for injunctive relief were moot when he was no longer subject to the conditions of confinement about which he complained.).

### B. Individual Capacity/Qualified Immunity

Defendant argues he is protected from liability in his individual capacity by qualified immunity, which protects officials who act in an objectively reasonable manner. It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendant is entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her

4

actions were unlawful. Pearson v. Callahan, 555 U.S. 223, 232 (2009).[2] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

### 1. Failure to Protect/Deliberate Indifference

In order to support Plaintiff's claims that Defendant McDaniel failed to protect him from harm, and violated his Eighth Amendment rights, Plaintiff must show that he was subjected to a substantial risk of harm and that Defendant McDaniel was deliberately indifferent to that risk of harm. Curry v. Crist, 226 F.3d 974, 977 (8th Cir. 2000). See also Farmer v. Brennan, where the court held that to succeed on an Eighth Amendment claim plaintiff must prove a sufficiently serious condition and that defendant acted with a deliberate indifference to plaintiff's health or safety. 511 U.S. 825, 826 (1994)). In his deposition testimony, Plaintiff stated that Defendants cuffed him behind his back and escorted him to the shower without incident on August 28, 2015. (Doc. No. 84-1, pp. 1-7) After Plaintiff showered, the two officers, together with a third officer (Woods), walked behind Plaintiff as he left the shower for his cell. (Id., p. 10) The officers were not holding onto Plaintiff and were talking and laughing among themselves. (Id.) Plaintiff and the officers were all aware of water and trash on the floor, but Plaintiff did not see the battery, and slipped and fell. (Id., pp. 13-14) Officers radioed for assistance and someone from the infirmary treated Plaintiff and took him back to the infirmary. (Id., p. 16) Plaintiff stated Defendants were negligent for not holding onto him while he walked or arranging to have the floor cleaned. (Id., p.

---

[2]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Nelson, 583 F.3d at 528 (quoting Pearson v. Callahan, 555 U.S. at 236).

5

18)   He stated Defendant McDaniel acted with deliberate indifference because he walked at least ten feet from Plaintiff and did not escort him. (Id., p. 20)   Plaintiff admitted that McDaniel came to his cell after the incident to check on him. (Id., p. 22)

In his Declaration, Defendant McDaniel stated that at the time of the fall, there was no visible water or noticeable trash on the floor, and he was at least ten feet away from Plaintiff, speaking with another officer. (Doc. No. 84-2)   McDaniel also stated that he checked on Plaintiff after the fall, and that the fall was an unfortunate accident which could not have been predicted or prevented. (Id., p. 2)

Plaintiff disputes McDaniel's statement, noting that in an interrogatory answer McDaniel stated that he knew that water and trash were on the floor by the showers. (Doc. No. 87, p. 5).   He also claims McDaniel failed to follow ADC policy which requires officers to protect inmates from harm, and recklessly disregarded a risk of harm to Plaintiff.

In Scoggins v. Tallant, the court noted that courts have found that wet or slippery floors do not constitute a substantial risk of serious harm in violation of the Eighth Amendment. 4:11CV04073, 2012 WL 4086773 *5 (W.D.AR 2012), report and recommendation adopted, 4:11CV04073, 2012 WL 4074402 (W.D.AR 2012).   In Baez v. Rosemack, a court held that standing water around an ice machine did not pose a substantial risk of serious harm, even if the defendants were aware of the water. No. 09-2121, 2011 WL 4062586 *8 (D.Minn. 2011)   And, in Carter v. Arkansas Department of Correction, the court held that a plaintiff who slipped and fell on water in his cell caused by a leaking skylight did not state an Eighth Amendment claim for unconstitutional conditions of confinement. No. 5:08CV00222, 2008 WL 4102719 (E.D.AR 2008).

In this case, even accepting Plaintiff's allegations as true that Defendant McDaniel knew

6

of the standing water and trash on the floor, the Court finds that Plaintiff provides no evidence that the water on the floor posed an objectively serious risk of harm or that Defendant McDaniel acted with deliberate indifference to the need to protect Plaintiff from harm. Plaintiff admitted he walked through the same area on his way to the shower without incident and he admitted knowing that water and trash were on the floor. (Doc. No. 84-1, pp. 7, 13) He admitted McDaniel walked behind him, assisted him when he fell, and checked on him after the fact. (Id., pp. 16, 21-22) "To convert conduct that does not even purport to be punishment into conduct violative of the Eighth Amendment, 'more than ordinary lack of due care for the prisoner's interests or safety' must be shown." Stephens v. Johnson, 83 F.3d 198, 201 (8th Cir. 1996) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986). At most, the Court finds Plaintiff states a claim of negligence against McDaniel, but negligence or inadvertence does not constitute deliberate indifference. Choate v. Lockhart, 7 F.3d 1370, 1374 (8th Cir. 1993).

The Court also finds that any allegation that McDaniel violated the ADC policy governing escorting prisoners fails to support a constitutional claim. "[T]he mere violation of a state law or rule does not constitute a federal due process violation." Williams v. Nix, 1 F.3d 712, 717 (8th Cir. 1992).

Therefore, the Court finds that Defendant McDaniel acted reasonably under the circumstances, and that no reasonable fact finder could find that the facts as alleged or shown, construed in the light most favorable to Plaintiff, established a violation of a constitutional or statutory right.

### 2. State Law Negligence

Given this Court's decision that Plaintiff's federal constitutional claims should be dismissed, the Court declines to exercise jurisdiction over his state law negligence claim. See

McLaurin v. Prater, 30 F.3d 982, 984-94 (8th Cir. 1994).

## IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendant's Motion for Summary Judgment (Doc. No. 84) be GRANTED, and Plaintiff's Complaint against Defendant be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 16th day of May, 2017.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE